## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION
## CASE NO. 5:09-CR-00005-R

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

**v.**

**RICKY D. WYNN**                                                         **DEFENDANT**

### MEMORANDUM OPINION & ORDER

This matter comes before the Court on Defendant's Motion in Limine Regarding All Recordings in Which Confidential Informant, Rodney Beasley, Was a Participant (DN 16). Plaintiff has responded (DN 19), and Defendant has replied (DN 22). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion is GRANTED IN PART.

### BACKGROUND

For the purposes of this Motion, the facts are as follows. In November 2008, the Kentucky State Police initiated three alleged drug transactions for confidential informant Rodney Beasley to purchase crack-cocaine from Defendant Ricky D. Wynn. Two of the alleged transactions were carried out with Beasley wired with an audio device. The third alleged transaction was carried out with Beasley wired with an audio device and a second confidential informant, Sharon Franklin, wired with a video recording device. Detective Saylor of the Kentucky State Police was in charge of the operation. Subsequently, in January 2008, Beasley died of a massive heart attack. Prior to his death, Beasley was not subject to examination by Wynn's attorney.

On or about November 4, 2008, at 12:04 p.m., Beasley placed a call to Wynn to allegedly set up a drug transaction to buy crack-cocaine. The relevant portions of the conversation are as follows:

> Beasley: I need to get an "O". What are you going to charge me on an "O"?
> Wynn: A whole one?
> Beasley: Yeah.
> Wynn: $1150.

On or about November 5, 2008, at 10:18 a.m., Saylor wired Beasley with an audio recording device with instructions to go meet Wynn and purchase crack-cocaine. The relevant parts of the conversation between Beasley and Wynn is as follows:

> Wynn: It stinks like hell. I bet it's all right.
> Beasley: I will tell you how it is in a little bit.

Beasley then apparently returned to Saylor:

> Saylor: Who did you get this from?
> Beasley: Ricky Wynn.
> Saylor: How much did you pay?
> Beasley: $700.
> Saylor: $1100? Okay. Did you mention anything about a future purchase?
> Beasley: No.

On or about November 7, 2008, at 10:43 a.m., Saylor again wired Beasley with an audio recording device with instructions to purchase an amount of crack-cocaine from Wynn. The relevant parts of the alleged transaction are as follows:

> Wynn: Rodney, listen though, they buying the hell outta this shit.
> Beasley: I make about a $500 profit off of it. Is that 28?
> Wynn: Nah, it's 24. I didn't ever tell you it was 28.

Again, Beasley returned to Saylor:

> Saylor: Who did you get this from?
> Beasley: Ricky Wynn.
> Saylor: How much did you pay?
> Beasley: $1100.

On or about November 18, 2008, at 10:41 a.m., Saylor again wired Beasley with an audio

device with instructions to purchase an amount of crack-cocaine from Wynn. During this alleged transaction, the Kentucky State Police also wired a video recording device to Franklin to try and video tape the alleged transaction. The relevant portion of the audio recordings are as follows:

> Wynn: I don't just keep ounces laying around all day.
> Beasley: Cut that off, just in case I gotta throw it.

In his current Motion, Wynn argues that all of these recordings including Beasley should be ruled inadmissible under the Confrontation Clause of the Sixth Amendment.

## STANDARD

The Confrontation Clause of the Sixth Amendment states, "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. Due to this Sixth Amendment protection, "testimonial, out-of-court statements offered against the accused to establish the truth of the matter asserted may only be admitted where the declarant is unavailable and where the defendant has had a prior opportunity to cross-examine the declarant." *United States v. Cromer*, 389 F.3d 662, 671 (6th Cir. 2004) (citing *Crawford v. Washington*, 541 U.S. 36, 59, 68 (2004)). "[S]tatements by a confidential informant are testimonial and thus are subject to the dictates of the Confrontation Clause." *Id.* at 675.

## DISCUSSION

The United States does not dispute that Beasley is unavailable and that Wynn did not have an opportunity to cross-examine him, rather, it states that it does not intend to offer the recordings into evidence in order to prove the truth of the matter asserted by Beasley. According to the United States, the statements made by Beasley will be offered merely to provide context

3

for the admissions made by the Defendant on the recordings. The United States cites several cases in which courts admitted statements made by an unavailable confidential informant because they were offered to give meaning and context to admissible statements made by the defendant. *United States v. Jones*, 205 F. App'x 327, 342-43 (6th Cir. 2006); *United States v. Sexton*, 119 F. App'x 735, 743 (6th Cir. 2005); *United States v. Valenzuela*, 88 F. App'x 909, 913 (6th Cir. 2004); *United States v. Hendricks*, 395 F.3d 173, 182-84 (3d Cir. 2005).

In reply, Wynn argues that because of the content of the recordings, any use of them will be to "prove the truth of the matter asserted." Wynn also argues that he never made any admissions on audio or video recordings which would deem the recordings admissible.

Federal Rule of Evidence 801(d)(2), "Admission by party-opponent," explains that "[a] statement is not hearsay if . . . [t]he statement is offered against a party and is (A) the party's own statement, in either an individual or representative capacity." Thus, Wynn's own statements in the recordings are admissible because they constitute nonhearsay admissions of a party. *See, e.g.*, *United States v. McDonald*, No. 97-5339, 1999 WL 149658, at *9 (6th Cir. Mar. 1, 1999). Further, the Court finds that Beasley's statements in the recordings between him and Wynn may be admitted not for the truth of the matter asserted, but to give meaning to the admissible statements of Wynn. *See, e.g.*, *Jones*, 205 F. App'x at 342.

The recordings between Beasley and Saylor, however, are a different matter. The Court finds that the statements made by Beasley in these recordings are testimonial and subject to the Confrontation Clause. *See Cromer*, 389 F.3d at 671. These statements regarding Wynn's identity and how much he allegedly paid for the drugs could only reasonably be used to prove the truth of the matter asserted. Because Beasley is unavailable and Defendant did not have the

prior opportunity to cross-examine him, they are inadmissible. *See id.*

Finally, because the video tape was made by an informant who will be available for cross-examination at trial, it is admissible.